UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARCUS COLLINS, | CASE NO. C15-0948JLR |
| Plaintiff, | ORDER |
| v. | |
| SWEDISH MEDICAL CENTER, et al., | |
| Defendants. | |

## I.   INTRODUCTION

This matter comes before the court on Defendants Adam Messer, Steve Marshall, Donna Moberly, Trish Gallagher, and Rian Brown (collectively, "Individual Defendants"); Swedish Medical Center ("Swedish"); and Providence Health & Services' ("Providence") motion to dismiss for insufficient service of process. (Mot. (Dkt. # 14).) The court has reviewed the motion, all submissions filed in support thereof and opposition thereto, the relevant portions of the record, and the applicable law.  Being

ORDER- 1

fully advised,[1] the court GRANTS Individual Defendants, Swedish, and Providence's (collectively, "Moving Defendants") motion and DISMISSES Plaintiff Marcus Collins's claims against them WITHOUT PREJUDICE.  Additionally, the court DISMISSES *sua sponte* Mr. Collins's claims against SIEU 1199NW and Margaret Cary WITHOUT PREJUDICE and with leave to amend.

## II. BACKGROUND

Mr. Collins initiated this litigation by filing a motion for leave to proceed *in forma pauperis* on June 15, 2015 (IFP Mot. (Dkt. # 1)), after receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") on March 20, 2015 (Compl. (Dkt. # 4) ¶ 4.1).  The court granted Mr. Collins's motion on June 16, 2015 (IFP Order (Dkt. # 3)), and he filed his *pro se* complaint that same day (*see* Compl.).

In his complaint, Mr. Collins alleges Moving Defendants violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e.  (Compl. ¶¶ 5.1-5.9.)  The alleged violations stem from a "restructure" of the surgical department at Swedish that began in June 2011.  (*Id.* ¶¶ 3.3-3.4.)  Part of the restructure agreement provided that Mr. Collins would be reassigned if he obtained additional certification offered by Swedish.  (*Id.*)  Alternatively, if he declined to obtain the additional certification, the agreement provided that Mr. Collins would be "laid off with severance benefits or given preference for another open position in the medical center for which he . . . was qualified."  (*Id.* ¶ 3.5.)  Mr. Collins did not pursue the opportunity for additional certification (*see id.*

---

[1] No party has asked for oral argument concerning this motion, and the court deems it to be unnecessary.  *See* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER- 2

¶ 3.9) and declined Swedish's offers of employment in other positions because, in his opinion, they "fell short of contractual obligations" (*id.* ¶¶ 3.13, 3.16). On July 25, 2015, Swedish offered Mr. Collins a position that Mr. Collins felt "satisfied the contractual obligation," but Swedish later terminated Mr. Collins from the position because he refused to accept a rotating weekend shift. (*Id.* ¶¶ 3.17, 3.21; *see also id.* ¶¶ 3.24, 3.29, 3.32.) This lawsuit followed. (Compl.)

On July 21, 2015, the Clerk issued a summons for each defendant named in the complaint. (Summons (Dkt. # 5).) On August 3, 2015, counsel for Providence and Swedish filed a notice of appearance. (Providence Not. (Dkt. # 6).) On November 2, 2015, the same counsel filed a notice of appearance on behalf of Individual Defendants. (Indiv. Not. (Dkt. # 13).) That same day, Moving Defendants subsequently filed the instant motion to dismiss Mr. Collins's claims for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).[2] (Mot. at 1.) Providence and Individual Defendants alternatively move to dismiss Mr. Collins's claims against them for failure to state a claim. (*Id.*) Although Mr. Collins filed proof of service of summons on Providence and Swedish on November 12, 2015, Mr. Collins has not provided the court with proof of service of the complaint on any Moving Defendants. (*Compare* Aff. for Providence (Dkt. # 18) *and* Aff. for Swedish (Dkt. # 19) *with* Raymond Decl. (Dkt. # 21).)

---

[2] Although Defendants do not expressly characterize their motion as such, their motion to dismiss "because [Mr. Collins] failed to serve them within 120 days after filing [his complaint]" is effectively a Rule 12(b)(5) motion to dismiss for insufficient service of process. (Mot. at 1); Fed. R. Civ. P. 12(b)(5).

ORDER- 3

### III. ANALYSIS

**A. Moving Defendants' Motion**

Moving Defendants argue that the court should dismiss Mr. Collins's claims against them because he failed to timely and properly serve them. (*See* Mot. at 1.) Federal Rule of Civil Procedure 4 articulates the requirements for timely and proper service. *See* Fed. R. Civ. P. 4(c). Pursuant to Rule 4, the plaintiff is responsible for ensuring that both the summons and complaint are served upon each defendant within the timeframe provided by Rule 4(m). *See* Fed. R. Civ. P. 4(b), (c)(1). At the time Mr. Collins filed his complaint, Rule 4(m) required him to serve each defendant within 120 days[3] after filing his complaint. Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment. "[I]n the absence of proper service of process, the district court has no power to render any judgment against the defendant's person or property unless the defendant has consented to jurisdiction or waived lack of process." *SEC v. Ross*, 504 F.3d 1130, 1138-39 (9th Cir. 2007); *see also Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Rule 12(b)(5) allows a defendant to move to dismiss an action for insufficient service of process. Fed. R. Civ. P. 12(b)(5).

---

[3] Effective December 1, 2015, the time period for proper service decreased from 120 days to 90 days. Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment. Because Mr. Collins filed his complaint in June 2015 (*see* Compl.), the court considers Mr. Collins's deadline for timely service under Rule 4(m) to be 120 days from the date he filed his complaint. *See Dao v. Liberty Life Assurance Co. of Boston*, No. 14-CV-04749-SI (EDL), 2016 WL 796095, at *2 (N.D. Cal. Feb. 23, 2016) (quoting 2015 U.S. Order 0017) (explaining that the 2015 amendments to the Federal Rules of Civil Procedure apply to pending cases "insofar as just and practicable").

If the plaintiff does not timely serve a defendant, Rule 4(m) requires the court to grant an extension of time for service if the plaintiff shows good cause. Fed. R. Civ. P. 4(m); *see also Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). A plaintiff's "tardy efforts to accomplish service" are not sufficient to show good cause. *McClain III v. 1st Sec. Bank of Wash.*, No. C13-2277RSM, 2014 WL 7043474, at *2 (W.D. Wash. Dec. 11, 2014). If the plaintiff does not show good cause for failing to comply with Rule 4, the court must either dismiss the complaint without prejudice or grant a specific extension of time for service. Fed. R. Civ. P. 4(m); *see also Efaw*, 473 F.3d at 1040-41. The court's discretion under Rule 4(m) is broad. *See Efaw*, 473 F.3d at 1041 (citing *Henderson v. United States*, 517 U.S. 654, 661 (1996)). In exercising its discretion, the court may consider factors including the length of delay in proper service, prejudice to a defendant, statute of limitations, actual notice of the lawsuit, and eventual service. *Id.*

Mr. Collins has shown neither timely and proper service nor good cause for failing to effect such service.[4] (*See generally* Dkt.) Thus, the court has discretion to dismiss Mr. Collins's claims without prejudice or grant Mr. Collins an extension of time for service. *See* Fed. R. Civ. P. 4(m); *Efaw*, 473 F.3d at 1041. The court considers the *Efaw* factors in exercising this discretion. *Efaw*, 473 F.3d at 1041.

---

[4] The court is mindful of Mr. Collins's *pro se* status, but that status does not excuse his failure to respond to Defendants' motion. Although the court views a *pro se* litigant's filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), *pro se* litigants "must still follow the same rules of procedure that govern other litigants." *In re Harris*, 596 F. App'x 581, 583 (9th Cir. 2015) (quoting *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997)) (internal quotations omitted).

ORDER- 5

Although several of the *Efaw* factors weigh against dismissal, the court finds that dismissal is appropriate in light of the delay, the lack of eventual service, and Mr. Collins's failure to take any action to pursue his claims or explain his conduct to the court. Mr. Collins filed his complaint more than 280 days ago and has not accomplished proper service on any Moving Defendants.[5] (*See generally* Dkt.); *see also Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 382 (7th Cir. 1998) (affirming the district court's dismissal under Rule 12(b)(5) when the plaintiff effected proper service more than 240 days after filing the complaint). Moreover, although Mr. Collins's Title VII claim is now likely time-barred, he has made no effort to communicate to the court a desire to preserve his claims. *See Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1121 (9th Cir. 2007) (noting that a Title VII claim is statutorily barred after 90 days from the claimant's receipt of an EEOC right-to-sue letter); (Compl. ¶ 4.1 (alleging that Mr. Collins received the EEOC's right-to-sue letter on March 20, 2015)); *see also Troxell*, 160 F.3d at 382-83 (affirming a district court's dismissal for failure to satisfy Rule 4(m) even though the plaintiff was statutorily barred from refiling the claim). Accordingly, the court exercises its discretion under Rule 4(m) to dismiss Mr. Collins's claims against Moving Defendants for failure to timely serve them.

---

[5] As noted above, in response to Defendants' Rule 12(b)(5) motion Mr. Collins filed two affidavits attesting that on November 10, 2015, a process server served a summons on both Providence and Swedish. (Aff. for Providence; Aff. for Swedish.) However, this summons-only service was insufficient because (1) it did not include the complaint (*compare* Aff. for Providence *and* Aff. for Swedish *with* Compl.); and (2) the service occurred outside the period required by Rule 4(m).

ORDER- 6

**B.  Additional Defendants Who Have Not Yet Appeared**

As noted above, Mr. Collins is proceeding *pro se* and *in forma pauperis*.  (IFP Order.)  A complaint filed by any person proceeding *in forma pauperis* is subject to a mandatory *sua sponte* review and dismissal if it (1) "is frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (clarifying that although much of 28 U.S.C. § 1915 references prisoners, § 1915(e)(2)(B) applies to both prisoners and non-prisoners proceeding *in forma pauperis*); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim.").  Unless amendment would be futile, the court should grant leave to amend when dismissing a complaint under Section 1915(e).  *See Lopez*, 203 F.3d at 1128-29.

Because Mr. Collins is proceeding *pro se*, the court construes his pleadings liberally.  *See Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003).  Nonetheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and must include sufficient facts to "state a claim for relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alteration in original) (citations omitted).  Dismissal for failure to state a claim for relief "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also* Fed. R. Civ. P. 8(a)(2).

In addition to Moving Defendants, Mr. Collins included two other defendants in his complaint: "SIEU 1199NW" and "Margaret Cary, C/O SIEU 1199NW." (Compl. ¶¶ 1.4, 1.10.) Mr. Collins alleges "negligent misrepresentation" against SIEU 1199NW (*id.* ¶ 5.2) and a violation of Title VII against Ms. Cary (*id.* ¶ 5.8). Mr. Collins fails to assert any facts supporting his claim that SIEU 1199NW "negligently misrepresented" the terms of the bargaining agreement between SIEU 1199NW and Swedish. (*See id.* ¶¶ 3.1-3.35); *see generally Manning v. Swedish Med. Ctr.*, No. C15-949RSL, 2015 WL 4231584, at *2 (W.D. Wash. July 9, 2015) (reaching the same conclusion regarding a nearly identical complaint). Accordingly, Mr. Collins fails to state a claim on which relief may be granted, and the court dismisses his claim against SIEU 1199NW. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Additionally, Mr. Collins's claim against Ms. Cary lacks a cognizable legal theory. (*See* Compl. ¶¶ 5.8-5.9.) Mr. Collins cannot sue individual defendants under Title VII. *See Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) ("We have long held that Title VII does not provide a separate cause of action against supervisors or co-workers."); *Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998) ("[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed violations, even if that agent is a supervisory employee."). Accordingly, Mr. Collins's allegations against Ms. Cary fail to state a claim on which relief may be granted. *See Balistreri*, 901 F.2d at 699; *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

1    In sum, the court dismisses *sua sponte* Mr. Collins's claims against SIEU

2 1199NW and Ms. Cary because Mr. Collins's *in forma pauperis* complaint fails to state a

3 claim against either defendant.  Pursuant to Section 1915(e), the court grants Mr. Collins

4 leave to amend the claims against SIEU 1199NW and Ms. Cary, but he must do so within

5 20 days of the date of this order.  If Mr. Collins does not file an amended complaint with

6 respect to those claims within 20 days of the date of this order, the court will dismiss his

7 claims against SIEU 1199NW and Ms. Cary without prejudice and without leave to

8 amend.

## IV.   CONCLUSION

10   For the foregoing reasons, the court GRANTS Moving Defendants' motion to

11 dismiss for insufficient service of process (Dkt. # 14) and DISMISSES Mr. Collins's

12 claims against Adam Messer, Steve Marshall, Donna Moberly, Trish Gallagher, Rian

13 Brown, Swedish, and Providence (Dkt. # 4) WITHOUT PREJUDICE.[6]  Additionally, the

14 //

15 //

16 //

17 //

18 //

19 //

---

[6] Because no changes to Mr. Collins's complaint can overcome the dismissal resulting from his failure to serve Moving Defendants, granting Mr. Collins leave to amend those claims would be futile.

court DISMISSES *sua sponte* Mr. Collins's claims against SIEU 1199NW and Ms. Cary WITHOUT PREJUDICE.  The court GRANTS Mr. Collins 20 days to amend his complaint with respect to the claims against SIEU 1199NW and Ms. Cary.

Dated this 28th day of March, 2016.

JAMES L. ROBART
United States District Judge